PROB 12A
(6/16)

# United States District Court

## for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 07, 2020

SEAN F. MCAVOY, CLERK

### Report on Offender Under Supervision
*(No Action Requested)*

| | |
|---|---|
| Name of Offender: Marwan Abdullah Nassir | Case Number: 0980 2:18CR00008-WFN-1 |
| Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge | |
| Date of Original Sentence: September 18, 2018 | Type of Supervision: Term of Supervised Release |
| Original Offense: Bank Fraud, 18 U.S.C. § 1344 | Date Supervision Commenced: November 18, 2019 |
| Original Sentence: Prison 24 months; TSR - 60 months | Date Supervision Expires: November 17, 2024 |

### NONCOMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 9**: If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours. |

**Supporting Evidence**: The offender is alleged to have violated standard condition number 9 by failing to report contact with law enforcement on or about October 21, 2020.

On November 19, 2019, Mr. Nassir's conditions of supervision were reviewed and he signed said conditions acknowledging an understanding of his requirements. Specifically, he was made aware by his supervising officer that he was required to notify the probation officer within 72 hours of contact with law enforcement.

On October 21, 2020, Mr. Nassir was contacted by the Coburg Police Department located in Coburg, Oregon, regarding the theft of auto glass from a local glass company.

According to the incident report, on October 6, 2020, the Coburg Police Department was contacted by the general manager of Coach Glass. The general manager informed officers that he suspected the same individual who had stolen auto glass from his company in 2016, had again stolen glass from the company in July 2020. He stated that on both occasions, an individual contacted Coach Glass and placed an order under an account held by Speedy Glass. Subsequently, it was discovered that Speedy Glass had not ordered the products and they had been stolen. In each instance, the individual who ordered the glass had called from Mr. Nassir's personal cell phone number.

When Mr. Nassir was contacted by the Coburg Police Department on October 21, 2020, he told them he could not recall whether he was in Coburg, Oregon, on the dates the thefts occurred. He further informed the investigating officer that he was going to speak to Coach Glass directly to get it sorted out.

On December 2, 2020, the Coburg Police Department contacted the undersigned and advised the case was being closed because Mr. Nassir paid the owner of Coach Glass for the stolen items.

Mr. Nassir informed the probation officer of his contact with law enforcement on October 27, 2020, after the undersigned contacted him and inquired about recent law enforcement contact.

**U.S. Probation Officer Action**:

On February 28, 2020, a Report on Offender Under Supervision was submitted to the Court based on the offender's failure to notify the probation officer within 72 hours of having contact with law enforcement. The incident involved Mr. Nassir having possession of a stolen cell phone. There were no charges filed in that case, as the cell phone was returned to the victim.

The probation officer reprimanded Mr. Nassir for his failure to notify the undersigned within 72 hours of his law enforcement contact. As noted above, this is the second time he has failed to comply with this directive. With regard to the recent criminal allegation, Mr. Nassir denied any wrongdoing. He stated that he did pick up a windshield for a customer at Coach glass in 2016, but denied any knowledge about the incident in July 2020. He further indicated he allows other people to use his cell phone, which could explain why the orders were traced back to his personal cell phone number.

The probation officer had previously granted Mr. Nassir permission to travel outside the jurisdiction for work purposes, as he is self-employed as a car hauler. Given the conduct noted above, the probation officer will be restricting his travel to the Eastern District of Washington. Due to the nature of his employment, the probation officer advised him that work-related travel to the Western District of Washington may be considered if he provides documentation to verify the purpose of travel.

At this time, it is respectfully recommended that the Court take no further action. Should the Court require a different course of action or an appearance by the offender, please contact the undersigned officer.

I declare under penalty of perjury that the foregoing is true and correct.

Executed On: December 4, 2020

s/ Lori Cross

Lori Cross
U.S. Probation Officer

[X] Court Concurs with Officer Action
[ ] Submit a Request for Modifying the Condition or Term of Supervision
[ ] Submit a Request for Warrant or Summons
[ ] Other

Signature of Judicial Officer

12/7/2020
Date