FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 31, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　-vs-<br><br>MARWAN ABDULLAH NASSIR,<br><br>　　　　　　Respondent. | No.　2:18-CR-0008-WFN<br><br>ORDER GRANTING § 2255 MOTION<br><br>**UNITED STATES MARSHAL SERVICE ACTION REQUIRED** |

Now pending before the Court is Mr. Nassir's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. ECF No. 76. After Mr. Nassir filed his *pro se* Motion, the Court appointed counsel to assist him. ECF No. 84. The Government responded on January 29, 2024, admitting Mr. Nassir is entitled to relief. *See* ECF No. 85.

## BACKGROUND

Mr. Nassir pled guilty to Bank Fraud, Identity Theft, and Interstate Transport of Stolen Property. ECF No. 47. On September 18, 2018, he was sentenced to twenty-four months of imprisonment and five years of supervised release. *Id.*

While on supervised release, Mr. Nassir was convicted in Spokane County Superior Court of Second Degree Assault (Strangulation) and Interfering with the Reporting of Domestic Violence. *State v. Nassir*, 27 Wash. App. 2d 1021, 2023 WL 4248576, at *1 (2023). He was sentenced to eighty-four months of confinement in that case. *Id.* at *4. In this case, the Court found Mr. Nassir committed a new crime, revoked supervised release, and sentenced him to eighteen months of imprisonment followed by forty-two months of supervised release. ECF No. 73; ECF No. 75 at 2–3. Notably, Mr. Nassir's state court convictions were the Court's only basis for finding Mr. Nassir committed a new crime. ECF No. 75 at 2–3.

ORDER ON § 2255 MOTION - 1

However, after Mr. Nassir's federal supervised release was revoked, his state convictions were overturned *See Nassir*, 2023 WL 4248576, at *1. Because evidence of a prior assault was erroneously admitted at trial in the state case, the Washington State Court of Appeals reversed Mr. Nassir's convictions and remanded for a new trial. *Id.* Mr. Nassir is currently in state custody awaiting retrial.

## DISCUSSION

To gain relief, Mr. Nassir must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. As the Government concedes, Mr. Nassir has established all three elements. First, he is in custody under judgment of a state court and is subject to future custody under a judgment of this Court. *See* Rule 1(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Second, he filed his § 2255 Motion less than a year after his state convictions were reversed. *See* 28 U.S.C. § 2255(f)(4). Third, Mr. Nassir's state court convictions were the Court's sole reason for finding Mr. Nassir violated the terms of supervised release, and those convictions have now been reversed. *See* ECF No. 75 at 2–3; *Nassir*, 2023 WL 4248576, at *1. The Court has reviewed the file and the Motion and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. Mr. Nassir's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, filed November 16, 2023 **ECF No. 76**, is **GRANTED**.

2. The Revocation Judgment, entered and filed February 28, 2022, **ECF No. 73**, is **VACATED**.

The District Court Executive is directed to:

- File this Order,
- Provide copies to counsel, to *pro se* Defendant, to Probation Officer Lori Cross, **AND TO** the United States Marshals Service--**action required**; **AND**

ORDER ON § 2255 MOTION - 2

- **CLOSE** the corresponding civil file, 2:23-CV-00334-WFN.

**DATED** this 31st day of January, 2024.

01-30-24

                                               WM. FREMMING NIELSEN
                                    SENIOR UNITED STATES DISTRICT JUDGE

ORDER ON § 2255 MOTION - 3